**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 27 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

JOSEPH ANGELO DICESARE,

      Petitioner-Appellant,

v.

LINDA SNEED; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

      Respondent-Appellee.

No. 00-7006

(D.C. No. 97-CV-487-S)
(E.D.Okl.)

---

ORDER AND JUDGMENT   *

---

Before **SEYMOUR** , Chief Judge,  **EBEL** and **BRISCOE,** Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Joseph DiCesare appeals the district court's denial of his 28 U.S.C. § 2254

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

petition for habeas corpus relief. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, deny a certificate of appealability, and dismiss the appeal.

I.

DiCesare was convicted in 1991 of cruelty to animals, in violation of Okla. Stat. tit. 21, § 1685 (1981), and sentenced to five years in prison and a $500 fine. DiCesare appealed his conviction to the Oklahoma Court of Criminal Appeals alleging (1) he was denied his right to a speedy trial, (2) the trial court erred in admitting testimony of Deputy Cagle, (3) the trial court erred in denying his motion to suppress because the horses were illegally seized in violation of the Fourth Amendment, (4) the photographs of horses should have been excluded as fruit of the poisonous tree, and (5) the trial court erred in denying his motion to dismiss because he was not brought to trial in the next term of court. The Oklahoma Court of Criminal Appeals summarily affirmed DiCesare's conviction.

DiCesare then filed a petition in state district court for post-conviction relief, which the court denied. The Oklahoma Court of Criminal Appeals remanded the case to the district court for findings of fact and conclusions of law on the issue of ineffectiveness of counsel. On remand DiCesare claimed he received ineffective assistance of counsel because his attorney: (1) failed to subpoena feed store owners to testify that DiCesare's father purchased feed for the horses, (2) failed to subpoena feed store owners for receipts for feed, (3)

2

failed to adequately investigate, (4) failed to introduce evidence of a 110-acre ranch DiCesare had at his disposal, (5) failed to subpoena witnesses who sold hay to DiCesare or his father, (6) failed to introduce evidence of the age of the horses, (7) failed to introduce evidence of water available to the horses, (8) failed to investigate and introduce evidence of reports that a neighbor shot the horses, (9) failed to acquire photographs of healthy horses, (10) failed to remove two jurors who owned or operated feed stores or to call them as witnesses, and (11) failed to object to the jury instruction concerning punishment alternatives. The district court entered findings and conclusions and again denied DiCesare post-conviction relief. The district court concluded DiCesare failed to show either error or prejudice from the first ten alleged errors. The district court agreed that counsel erred in not objecting to the punishment jury instruction and modified DiCesare's sentence by striking the $500 fine. The Oklahoma Court of Criminal Appeals affirmed the denial of post-conviction relief, concluding DiCesare waived the issues not raised in his direct appeal and did not provide sufficient reasons to overcome this procedural bar. The court concluded none of DiCesare's allegations constituted errors so serious as to deny him constitutionally guaranteed counsel and noted DiCesare did not establish the result at trial would have been different had the alleged errors not occurred.

In August 1997, DiCesare filed a 28 U.S.C. § 2254 petition for habeas

3

corpus relief in federal district court. DiCesare alleged (1) his claims were not procedurally barred because of ineffective assistance of appellate counsel; (2) his trial counsel failed to investigate and put on a proper defense; (3) his trial counsel failed to investigate whether the prosecutor withheld exculpatory evidence (pictures of healthy horses and inventory lists); (4) his trial counsel failed to argue on direct appeal that the sheriff's department violated his Fourth, Sixth, and Fourteenth Amendment rights by seizing the horses; (5) his trial counsel failed to raise on direct appeal that his Sixth and Fourteenth Amendment rights to a fair trial were violated when the prosecutor engaged in prosecutorial misconduct while examining a witness; (6) his trial counsel failed to raise on direct appeal that his Fifth and Fourteenth Amendment rights were violated when the trial court failed to instruct the jury on the effect of his decision to not enter a plea; and (7) his trial counsel failed to raise on direct appeal that his Fifth, Eighth, and Fourteenth Amendment rights were violated when the trial court erroneously instructed the jury on punishment. The magistrate concluded that (1) DiCesare's assertion that his claims were not procedurally barred was moot in light of the state agreeing and addressing the issues on the merits; (2) his claims of counsel's failure to put on a defense were thoroughly examined at the post-conviction relief evidentiary hearing and the state district court's analysis was not contrary to federal law or based on an unreasonable application of the facts; (3)

4

the photographs of healthy horses were not material to his defense; (4) his Fourth Amendment claim was raised and rejected in his direct appeal; (5) the trial court did not abuse its discretion in concluding there was no prosecutorial misconduct and no manifest prejudice; (6) there was no error in the jury instructions concerning his decision to not enter a plea and he did not demonstrate a reasonable probability of success with the issue on appeal; and (7) the modified sentence withdrawing the fine was not outside statutory limits, so the issue of the proper sentence was resolved. DiCesare objected to the magistrate's report. The district court adopted the magistrate's report and recommendation and denied DiCesare's § 2254 petition, his application for a certificate of appealability, and his request to proceed on appeal in forma pauperis.

II.

Section 2254(d) provides that a petitioner in the custody of a state court shall not be granted habeas relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

See Williams v. Taylor, 120 S. Ct. 1495, 1506-08 (2000) (clarifying § 2254(d) standard of review). DiCesare's allegations center on claims of ineffective

assistance of counsel, which we review de novo as mixed questions of law and fact.  See United States v. Prows, 118 F.3d 686, 691 (10th Cir. 1997).  "To prevail on a claim of ineffective assistance of counsel, a convicted defendant 'must show that counsel's representation fell below an objective standard of reasonableness,' . . . and that the deficient performance prejudiced the defendant."  Id. (quoting Strickland v. Washington, 466 U.S. 668, 687-88 (1984)).  "To establish prejudice, the defendant 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"  Id. (quoting Strickland, 466 U.S. at 694).

On appeal DiCesare asserts the district court erred in denying his habeas petition by (1) not considering his claim of ineffective assistance of counsel in his post-conviction hearing, (2) concluding his counsel did not fail to investigate the case, call witnesses, and present evidence that would have changed the result at trial, (3) determining there was no error concerning exculpatory evidence, (4) by resolving his Fourth Amendment search and seizure claim, (5) by not considering his prosecutorial misconduct claim in conjunction with his failure to present a defense claim, and (6) by not considering his plea jury instruction claim on the merits.

DiCesare contends the district court failed to address his argument that his

counsel at the post-conviction evidentiary hearing was ineffective. DiCesare did not raise this issue in his § 2254 petition, but raised it in his reply to the government's response to his petition. DiCesare argued that his attorney at his post-conviction relief evidentiary hearing failed to investigate his claims. We conclude that the district court's failure to address the issue does not provide DiCesare with grounds for relief because DiCesare would not be entitled to relief on his claim that his counsel was ineffective at the post-conviction hearing. A "[p]etitioner cannot successfully assert that his counsel was constitutionally ineffective at the post-conviction stage because '[t]here is no constitutional right to an attorney in state post-conviction proceedings.'" Smallwood v. Gibson, 191 F.3d 1257, 1267 n.4 (10th Cir. 1999) (quoting Coleman v. Thompson, 501 U.S. 722, 752 (1991)).

As for DiCesare's remaining claims, our review of the record shows no error by either the state courts or the federal district court warranting federal relief. The testimony at trial showed that twenty-seven of DiCesare's horses were severely malnourished and that it would have taken sixty to ninety days for them to reach that condition. DiCesare has not shown that the actions he claims his attorney should have taken would have changed the result at trial.

III.

We DENY DiCesare a certificate of appealability and DISMISS the appeal.

The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge